IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Horace Clifton Sutton, as personal representative for the Estate of Patricia W. Sutton for the survival claim and on behalf of Patricia W. Sutton's statutory beneficiaries, and individually, and, Shirley J. Hunt, as personal representative for the Estate of Flora Mae Clark for the survival claim and on behalf of Flora Mae Clark's statutory beneficiaries, | ) ) ) ) ) ) ) ) ) ) | Case No. 4:23-cv-01063-JD |
| | ) | |
| Plaintiffs, | ) ) | **ORDER AND OPINION** |
| vs. | ) ) ) | |
| Jessica Adams, D.O., McLeod Medical Center - Dillon, McLeod Physicians Associates II, Mary-Beth Lewis, M.D. and Carolina Radiology Associates, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

Before the Court is Plaintiffs Horace Clifton Sutton, as personal representative for the

Estate of Patricia W. Sutton for the survival claim and on behalf of Patricia W. Sutton's statutory

beneficiaries, and individually ("Sutton"), and Shirley J. Hunt, as personal representative for the

Estate of Flora Mae Clark for the survival claim and on behalf of Flora Mae Clark's statutory

beneficiaries' ("Hunt") (collectively "Plaintiffs") Motion to Remand.  (DE 16.)  The parties have

briefed the motion; and therefore, the motion is ripe for review and decision.  After reviewing the

motion and memorandum submitted, the Court finds it lacks subject matter jurisdiction, and the

case must be remanded to State court.

**BACKGROUND**

On or about March 13, 2023, Plaintiffs filed a medical negligence and wrongful death

action against Defendants Jessica Adams, D.O. ("Adams"), McLeod Medical Center – Dillon

1

("MMC"), McLeod Physicians Associates II ("MPA"), Mary-Beth Lewis, M.D. ("Lewis") and Carolina Radiology Associates, LLC ("CRA") (collectively "Defendants") in the Court of Common Pleas for Dillon County, South Carolina.  (DE 1-2.)  That same day, Plaintiffs' counsel sent Defendants' counsel a courtesy email with a copy of the Complaint, asking whether or not they would accept service on behalf of their respective clients.  (DE 17-4.)  Plaintiffs' counsel contends they never received a response.  (DE 17, p. 2.)

Three days later, on March 16, 2023, Defendants Adams and MPA (collectively the "Removing Defendants") removed the case based on diversity jurisdiction to the U.S. District Court for the District of South Carolina, pursuant to 28 U.S.C. §§ 1332 (DE 1), as Plaintiffs are citizens of North Carolina while each defendant is a citizen of South Carolina  (DE 1-2, ¶¶ 1-6). Plaintiffs did not serve any of the Defendants with the Complaint prior to removing the action. (DE 17, p. 2; DE 21, p. 3.)  On April 12, 2023, Plaintiffs moved to remand the case pursuant to 28 U.S.C. § 1447, the forum defendant rule. (DE 16.)

## LEGAL STANDARD

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (2012).  The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996).  However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447 (2012).  The court may "look beyond the complaint to

2

determine the propriety of removal." Flores v. Ethicon, Inc., 563 F. App'x 266, 269 (4th Cir. 2014). If federal jurisdiction is doubtful, remand is necessary. Mulchaey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); Crawford v. C. Richard Dobson Builders, Inc., 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant.").

## DISCUSSION

The parties concede that there is complete diversity between the parties and the amount in controversy could exceed $75,000. (DE , ¶¶ 5, 7; DE 1-2, ¶¶ 1-6.) However, each defendant is a resident of the state in which the suit was brought – South Carolina. Plaintiffs contend remand is, therefore, necessary pursuant to the "forum defendant rule." (DE 17, 3-4.) The forum defendant rule establishes, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Although Plaintiffs concede that none of the Defendants were properly served before removal of the case to federal court (DE 17, p. 2-4), nevertheless, Plaintiffs contend Defendants used this process, commonly referred to as "snap removal," "in a clear attempt to circumvent the forum

defendant rule." (Id.)  On the other hand, the Removing Defendants contend the Court should

apply the plain statutory text of 28 U.S.C. § 1441(b)(2), which only prohibits removal when a

defendant is a citizen of the forum state *if* that defendant was "properly joined and *served*." (DE

21, p. 5.)  The Court disagrees with Defendants' application of the statute in this case.

Although it is a well-settled principle that "unless there is some ambiguity in the language

of a statute, a court's analysis must end with the statute's plain language," there are two narrow

exceptions to the application of a statute's plain language such that "[a] reviewing court may look

beyond the plain language of an unambiguous statute." In re Sunterra Corp., 361 F.3d 257, 265

(4th Cir. 2004) (citations omitted).  "The first such exception, premised on absurdity, exists 'when

literal application of the statutory language at issue results in an outcome that can truly be

characterized as absurd, i.e., that is so gross as to shock the general moral or common sense . . . .'"

Id. (quoting Hillman v. I.R.S.*,* 263 F.3d 338, 342 (4th Cir. 2001).  "The second exception is

premised on legislative intent, and it exists only 'when literal application of the statutory language

at issue produces an outcome that is demonstrably at odds with clearly expressed congressional

intent . . . .'" Id.

Neither the Supreme Court of the United States nor the Fourth Circuit Court of Appeals

has provided binding precedent on whether removal involving an unserved forum defendant is

allowed pursuant to the plain language of 28 U.S.C. § 1441(b)(2) or whether it falls within one of

the narrow exceptions of the application of the plain language principle.  Furthermore, other

circuits and District Courts within the Fourth Circuit are divided on the issue.[1]  Expectedly, the

---

[1]    See Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014) (prohibited pre-service
removal pursuant to § 1441(b)(2) finding such removal at odds with the legislative intent to prevent
gamesmanship); but see Texas Brine Co., LLC. v. Am. Arbitration Ass'n, Inc., 955 F.3d 482, 485
(5th Cir. 2020), Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147 (3d Cir. 2018),
McCall v. Scott, 239 F.3d 808, 813 n. 2 (6th Cir. 2001), Gibbons v. Bristol-Myers Squibb Co., 919

parties ask the Court to apply the reasoning on contrary sides of this split.  Plaintiffs contend a

"literal interpretation allowing removal would create absurd results and effectively eliminate the

forum defendant rule by allowing defendants the ability to circumvent it and 'race to remove'

before plaintiffs even have a reasonable opportunity to serve them."  (DE 17, p. 10.)  Defendants,

meanwhile, contend the literal application of 28 U.S.C. § 1441(b)(2) "does not lead to an absurdity

that is 'so gross as to shock the general moral or common sense,'" nor does it "circumvent the

purpose of the forum defendant rule in this setting."  (DE 21, p. 9.)

Regarding the purpose of the forum defendant rule, Courts have interpreted the addition of

the "properly joined and served" language to 28 U.S.C. § 1441(b)(2) to "prevent gamesmanship

by plaintiffs," specifically "to prevent a plaintiff from blocking removal by joining as a defendant

a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff]

does not even serve."  Goodwin, 757 F.3d at 1221; see also Doe, 2023 WL 3964052 at * 2.  Here,

there is no evidence of or risk that Plaintiffs were engaged in such gamesmanship as Defendants

do not contend that any of them were added fraudulently to prevent removal of the case.  To the

contrary, pre-service removal in this case "would provide an incentive for defendants to employ

gamesmanship by racing to remove newly filed actions, which would stand in contrast to the

purpose behind the inclusion of the language to prevent gamesmanship."  Doe, 2023 WL 3964052

---

F.3d 699 (2d Cir. 2019) (circuits rejecting the argument that a literal interpretation of the statute
produces an absurd result, rather applying the "properly joined and served" requirement as a bright
line rule); see also Doe 305 v. Richter, No. 2:22-CV-02940-RMG, 2023 WL 3964052, at *2
(D.S.C. June 12, 2023), KBC Asset Management NV, et al v. Marsh, et al, No. 3:19-1457 (D.S.C.
Jan. 8, 2020), Phillips Construction, LLC v. Daniels Law Firm, PLLC, 93 F. Supp. 3d 544, 548
(S.D.W. Va. 2015), Oxendine v. Merck & Co., 236 F. Supp. 2d 517, 526 (D. Md. 2002) (cases
barring removal by unserved forum defendants), but see Bloom v. Library Corp., 112 F. Supp. 3d
498, 506 (N.D. W. Va. 2015), Wensil v. E.I. Dupont de Nemours 7 Co., 792 F. Supp. 447, 449
(D.S.C. 1992) (cases finding the presence of unserved resident defendants does not defeat removal
where complete diversity exists.).

at * 2 (citing Goodwin, 757 F.3d at 1221). Here, the Removing Defendants were alerted of a pending action because Plaintiffs sent Defendants' counsel a *courtesy copy* of that complaint, and, before answering Plaintiffs' inquiry regarding whether Defendants' counsel would accept service on behalf of their clients, removed the action within three days. Such gamesmanship appears to be in direct contrast with the intent of the forum defendant rule. See e.g. Goodwin, 757 F.3d at 1221 (rejecting defendants contention that pre-service removal by forum defendant was proper where "defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service"); see also Oxendine v. Merck & Co., 236 F. Supp. 2d 517, 526 (D. Md. 2002) ("[R]emovability cannot rationally turn on the timing or sequence of service of process.").

Regarding the outcome of the literal application of the statute, allowing pre-service removal in this context, "if not remedied, would incentivize docket trolling, would cut against the proposition that plaintiffs are generally permitted to choose their preferred forum, and would start to move these proceedings into the zone of absurdity." Medish v. Johns Hopkins Health Sys. Corp., 272 F. Supp. 3d 719, 726 (D. Md. 2017). Additionally, District Courts in the Fourth Circuit have found the result of snap removal "absurd" when all the defendants are forum defendants, as is the case at bar. See e.g. Doe, 2023 WL 3964052, Phillips Construction, 93 F. Supp. 3d at 556, Active Res., Inc. v. Hagewood, 22-cv-00172, 2022 WL 2346398, at *3 (S.D. W. Va. June 29, 2022), ("[U]nlike cases where there are both forum and non-forum defendants, when the only defendants are forum defendants, it defeats the purpose of the rule and removal statute to allow those forum defendants to remove the case . . . .")

6

Accordingly, the Court declines to apply the literal meaning of 28 U.S.C. § 1441(b)(2) under the facts of this case, because doing so "produces an outcome that is demonstrably at odds with clearly expressed congressional intent," and furthermore may lead to an "absurd" result. In re Sunterra Corp., 361 F.3d at 265. Thus, the Court finds pre-service removal by the Removing Defendants was improper and agrees with other District Courts that "[a] functional interpretation of § 1441(b)(2) better promotes its purpose of preventing gamesmanship." Teamsters Local 677 Health Serv. & Ins. Plan v. Friedman, No. CCB-18-3868, 2019 WL 5423727, at *3 (D. Md. Oct. 23, 2019). Therefore, pursuant to 28 U.S.C. § 1441(b)(2), because each Defendant is a citizen of the State in which the original action was filed (South Carolina), federal jurisdiction is doubtful, and remand is necessary. Mulchaey, 29 F.3d at 151.

## CONCLUSION

For the foregoing reasons, the Court finds removal was not proper; therefore, the Plaintiffs' Motions to Remand (DE 16) is granted.

**AND IT IS SO ORDERED.**

August 24, 2023
Florence, South Carolina

Joseph Dawson, III
United States District Judge